# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **SHAUNTA CHARLESSE SMITH,** | } |
| | } |
| **Plaintiff,** | } |
| | } |
| v. | } Case No.: 2:12-cv-3962-MHH |
| | } |
| **CAROLYN W. COLVIN, Acting** | } |
| **Commissioner of the Social Security** | } |
| **Administration,** | } |
| | } |
| **Defendant.** | } |

## MEMORANDUM OPINION

Plaintiff Shaunta Charlesse Smith ("Ms. Smith") brings this action pursuant to Title II of Section 205(g) and Title XVI of Section 1631(c)(3) of the Social Security Act (the "Act"), seeking review of the decision by the Commissioner of the Social Security Administration[1] ("Commissioner") denying her claims for a period of disability and disability insurance benefits ("DIB") and supplemental security income ("SSI"). *See* 42 U.S.C. §§ 405(g), 1383(c). After careful review, the Court affirms the decision of the Commissioner of Social Security.

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Therefore, she should be substituted for Commissioner Michael J. Astrue as Defendant in this suit. *See* Fed. R. Civ. P. 25(d) ("An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. Later opinions should be in the substituted party's name, but any misnomer affecting the parties' substantial rights must be disregarded.").

## I.     STANDARD OF REVIEW

The scope of review in this matter is limited.  "When, as in this case, the ALJ denies benefits and the Appeals Council denies review," the Court "review[s] the ALJ's 'factual findings with deference' and [his] 'legal conclusions with close scrutiny.'"  *Riggs v. Soc. Sec. Admin. Comm'r*, 522 Fed. Appx. 509, 510-11 (11th Cir. 2013) (quoting *Doughty v. Apfel,* 245 F.3d 1274, 1278 (11th Cir. 2001)).

The Court must determine whether there is substantial evidence in the record to support the ALJ's findings.  "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004).  In making this evaluation, the Court may not "reweigh the evidence or decide the facts anew," and the Court must "defer to the ALJ's decision if it is supported by substantial evidence even if the evidence may preponderate against it."  *Gaskin v. Comm'r of Soc. Sec.*, 2013 WL 4081321, *1 (11th Cir. Aug. 14, 2013).

With respect to the ALJ's legal conclusions, the Court must determine whether the ALJ applied the correct legal standards.  If the Court finds an error in the ALJ's application of the law, or if the Court finds that the ALJ failed to provide sufficient reasoning to demonstrate that the ALJ conducted a proper legal analysis,

then the Court must reverse the ALJ's decision. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991).

## II. PROCEDURAL AND FACTUAL BACKGROUND

Ms. Smith first applied for DIB and SSI on October 12, 2005. [R. 37, 59-61, 222-225].[2] Ms. Smith alleges that her disability began on October 30, 2001. [R. 15]. The Social Security Administration denied Ms. Smith's claims, and she requested a hearing before an Administrative Law Judge ("ALJ"). [R. 46]. The ALJ held a hearing on March 3, 2008. [R. 260-299]. The ALJ denied disability September 2, 2008, concluding that Plaintiff did not have an impairment or a combination of impairments listed in, or medically equal to one listed in, the Regulations.[3] [R. 34-35]. The ALJ found that Ms. Smith retained the residual functional capacity ("RFC") to perform work-related activities at the sedentary

---

[2] The Commissioner did not file an electronic copy of the record in this case. Therefore, the record citations in this opinion correspond to the paper copy of the record, which is on file with the Clerk of Court.

[3] Two weeks after the ALJ issued this decision, Ms. Smith filed a subsequent application for SSI, in which she alleged that she became disabled on August 28, 2008. [R. 325]. The Commissioner denied that application on December 24, 2008 and Ms. Smith requested a hearing. [R. 325-326]. On February 10, 2010, ALJ Sherianne Laba Rote issued a decision, finding that Ms. Smith was not disabled. [R. 326]. Ms. Smith did not appeal that decision and it became administratively final under 20 C.F.R. § 416.1488. [R. 326].

Ms. Smith filed an additional application for SSI on July 22, 2010. [R. 326]. On December 15, 2010, the Alabama Disability Determination Service determined that Ms. Smith had been disabled since July 9, 2010. [R. 326].

3

level of physical exertion, and that there would be jobs in the national economy that would accommodate Ms. Smith's limitations. [R. 34].

On October 19, 2009, the Appeals Council declined Ms. Smith's request for review of the ALJ's decision. [R. 4-7]. Plaintiff filed an action for judicial review pursuant to § 205(g) and § 1631(c)(3) of the Act. [R. 381]. On March 1, 2011, United States District Judge Virginia Emerson Hopkins remanded Ms. Smith's case to the Commissioner for further consideration of medical opinions that the ALJ did not address in his initial opinion. [R. 379-392]. The ALJ conducted a supplemental hearing on November 14, 2011. [R. 423-463].

The ALJ denied disability benefits again on May 10, 2012, concluding that Ms. Smith did not have an impairment or a combination of impairments listed in, or medically equal to one listed in, the Regulations. [R. 339]. The ALJ again found that Ms. Smith retained the RFC to perform work-related activities at the sedentary level of physical exertion, and that there would be jobs in the national economy that would accommodate Ms. Smith's limitations. [R. 339-345]. On September 27, 2012, the Appeals Council declined Ms. Smith's request for review [R. 300-303], making the Commissioner's decision final and a proper subject of this Court's judicial review. *See* 42 U.S.C. § 405(g) and § 1383(c)(3).

At the time of the supplemental hearing, Ms. Smith was 32 years old and had a tenth grade education.[4] [R. 428-429]. She worked as a cashier at a fast food restaurant for nearly six months in 2003. [R. 429]. Ms. Smith also worked as a cashier at a gas station for approximately two months in 2007. [R. 430]. Ms. Smith had not tried to work since her first hearing in 2008. [R. 440].

Ms. Smith explained to the ALJ that she could not work because she could not stand or sit for a long period of time. [R. 430]. Specifically, Ms. Smith told the ALJ that her ankle, legs, and knees "give out on [her]." [R. 430]. Ms. Smith also testified that she suffered from "back problems." [R. 431].

Ms. Smith told the ALJ that she believed she could stand for only ten minutes before she would need to sit down. [R. 431, 432]. Ms. Smith also stated that she did not think she could walk even one block without having to sit down and rest. [R. 431]. Ms. Smith testified that when she sits for "too long" her "back and lower back" hurt. [R. 432]. Ms. Smith stated that she could lift a gallon of milk but could not bend over to pick anything up off of the floor. [R. 433].

Ms. Smith also told the ALJ that she had recently experienced pain in both shoulders and her hip. [R. 436-437]. She testified that her shoulder pain prevented her from raising her arms. [R. 437]. She also experiences swollen joints in her

---

[4] Ms. Smith's attorney represented to the Appeals Council that she had completed eleventh grade. [R. 329]. The ALJ recognized that in either case, Ms. Smith has a "limited education" within the meaning of 20 C.F.R. §§ 404.1564(b)(3) and 416.964(b)(3). [R. 329].

knee, fingers, hands, shoulders, and hips. [R. 438]. Ms. Smith stated that she takes Prednisone to help with the swelling. [R. 438].

During the supplemental hearing, Ms. Smith rated her current pain as a ten on a ten-point pain scale. [R. 433]. She explained that she "rarely sleeps because of the pain." [R. 434]. Ms. Smith also testified that she had to lie down throughout the day. [R. 434]. She stated that her four children are very independent and that her 13 and 10 year olds "help out a lot." [R. 434]. Ms. Smith's mother helps her with daily chores. [R. 434-435]

After conducting the supplemental hearing and reviewing the medical records Ms. Smith submitted in support of her claim, the ALJ made his findings of fact and conclusions of law. [R. 337-346]. First, the ALJ noted that Ms. Smith had not presented any new and material evidence that she was or became disabled during the period from September 16, 2008, the protective filing date for her SSI application that Judge Rote denied on February 24, 2010 [R. 408] (and which she did not appeal) through July 8, 2010, the day before the Alabama Disability Determination Service determined she was disabled. [R. 337].

The ALJ then found that Ms. Smith had not engaged in substantial gainful activity since October 30, 2001, the alleged onset date. [R. 337]. The ALJ determined that Ms. Smith has the following "severe" impairments: chronic right ankle pain, secondary to shotgun wound to right ankle at age 10, which left her

6

with a comminuted fracture of her right calcaneus; and back pain secondary to favoring her right ankle. [R. 337]. The ALJ also concluded that Ms. Smith suffers from depression, but it is "non-severe" because it imposes only mild restrictions. [R. 337]. The ALJ concluded that Ms. Smith does not have an impairment of combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.[5] [R. 339].

The ALJ determined that Ms. Smith has the RFC to perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a) except that she is restricted to working jobs in temperature controlled environments, in which she can occasionally bend, stoop, and climb, and she should not have to push or pull with her right lower extremity, drive, or work at unprotected heights. [R. 340]. The ALJ also found that Ms. Smith could sit for 2 hours and should be able to sit and stand at her option. [R. 340]. In making his RFC determination, the ALJ considered Ms. Smith's subjective complaints of pain, which according to her testimony prevent her from working due to pain at a level 8 to 10 out of 10 on a daily basis in her right ankle, hips, lower back, and shoulders, as residuals of a shotgun wound to her right ankle in 1989. [R. 341]. The ALJ commented that although Ms. Smith alleges pain of the shoulders and hips, the documentary record

---

[5] The ALJ noted that Ms. Smith's attorney did not contend that any listing was met or equaled. He also noted that he specifically considered Listings 1.02 (major dysfunction of a joint(s) (due to any cause)) and 1.04 (disorders of the spine). [R. 339].

7

contains no objective clinical evidence that she has a disabling impairment of her shoulders or hips. [R. 341].

In reaching this conclusion, the ALJ considered a report provided by Dr. Bruce Romeo, a consultative physician. [R. 341; *see also* R. 178-184]. The ALJ noted that Dr. Romeo's examination revealed that Ms. Smith had normal ranges of motion in her shoulders and hips. [R. 341; R. 183-184]. The ALJ also reviewed a physical capacities evaluation form and a clinical assessment of pain that Dr. Mark Wilson, one of Ms. Smith's treating physicians, provided. Dr. Wilson reported that Ms. Smith could sit for four hours during an 8-hour work day and could stand or walk for only one hour. [R. 234-237]. Dr. Wilson stated that Ms. Smith's pain was "present and found to be intractable and virtually incapacitating." [R. 236].

The ALJ determined that Ms. Smith's statements about her impairments and their impact on her ability to work were credible only to the extent that she can still perform sedentary work activities. [R. 341]. The ALJ remarked that when seen in September 2005 for complaints of back pain secondary to childbirth, the examination revealed local tenderness but no swelling in her lower extremities. [R. 341; R. 92-95]. The ALJ also noted that when Ms. Smith returned to the emergency room on March 7, 2006 with complaints of back and ankle pain and swelling, x-rays were normal (absent some pellets being present), and she demonstrated mild tenderness on palpation. The ALJ noted that on that occasion,

doctors treated Ms. Smith conservatively with pain medication and released her. [R. 341-342; *see also* R.112-116]. The ALJ recounted several other emergency room or office visits where Ms. Smith demonstrated minimal swelling and good pulses in her lower extremities. [R. 342]. The ALJ reviewed Dr. Romeo's report, in which Dr. Romeo found that Ms. Smith had normal dexterity and grip strength as well as normal range of motion except in her right ankle. [R. 342; R. 184].

The ALJ found that Ms. Smith is unable to perform any past relevant work. However, based upon her age, education, work experience, and RFC, jobs exist in significant numbers in the national economy that she can perform, including: office clerk; order clerks; and production and table worker. [R. 344-345]. Accordingly, the ALJ concluded that Ms. Smith was not disabled, as that term is defined in the Act, during the time frame that the ALJ examined. [R. 345-346].

### III. ANALYSIS

To be eligible for disability insurance benefits, a claimant must be disabled. *Gaskin v. Comm'r of Soc. Sec.*, 2013 WL 4081321, *1 (11th Cir. Aug. 14, 2013). "A claimant is disabled if he is unable to engage in substantial gainful activity by reason of a medically-determinable impairment that can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months." *Id.* (citing 42 U.S.C. § 423(d)(1)(A)). A claimant must prove that he is disabled. *Id.* (citing *Ellison v. Barnhart,* 355 F.3d 1272, 1276 (11th Cir.

2003). To determine whether a claimant is disabled, the Social Security Administration applies a five-step sequential analysis. *Gaskin*, 2013 WL 4081321 at *1.

> This process includes a determination of whether the claimant (1) is unable to engage in substantial gainful activity; (2) has a severe and medically-determinable physical or mental impairment; (3) has such an impairment that meets or equals a Listing and meets the duration requirements; (4) can perform his past relevant work, in the light of his residual functional capacity; and (5) can make an adjustment to other work, in the light of his residual functional capacity, age, education, and work experience.

*Id.* (citation omitted). "The claimant's residual functional capacity is an assessment, based upon all relevant evidence, of the claimant's ability to do work despite his impairments." *Id.* at *2 (citing *Lewis v. Callahan,* 125 F.3d 1436, 1440 (11th Cir. 1997); 20 C.F.R. § 404.1545(a)(1)).

Here, Ms. Smith argues that in making his RFC determination, the ALJ did not give proper weight to the opinion of Dr. Wilson, a doctor who she describes as her treating physician. [R. 341; Doc. 6, p. 6]. To begin, the Court does not accept Ms. Smith's characterization of Dr. Wilson as a treating physician. A treating source is an acceptable medical source "who has, or has had, an ongoing treatment relationship with [the claimant]." *See* 20 C.F.R. §§ 404.1502, 416.902 ("Generally, we will consider that you have an ongoing treatment relationship with an acceptable medical source when the medical evidence establishes that you see,

or have seen, the source with a frequency consistent with acceptable medical practice for the type of treatment/and or evaluation required for your medical condition(s)."). The record contains only two entries from Dr. Wilson, only one of which concerns a visit with Dr. Wilson for medical treatment. [R. 211][ February 5, 2008 visit]. The other record from Dr. Wilson relates to a physical capacities evaluation and a clinical assessment of pain for Ms. Smith that Dr. Wilson completed on March 22, 2008. [R. 234-237]. In her brief, Ms. Smith suggests that Dr. Wilson saw her again on June 18, 2008. [Doc. 6, p. 8]. She cites to R. 413 for this assertion; however, this page in the record is a portion of Judge Rote's February 24, 2010 decision and contains no medical records that support Ms. Smith's contention that Dr. Wilson saw her on June 17, 2008. Thus, because the record indicates that Dr. Wilson examined Ms. Smith only once, the Court does not consider Dr. Wilson a treating source. *Compare Casher v. Halter*, 2001 WL 294921 at *12 (S.D. Ala. Mar. 29, 2001) (because claimant only saw a physician twice, it was questionable whether he was a treating physician under the regulations) *with Nyberg v. Comm'r of Soc. Sec.*, 179 Fed. Appx 589, 591 n. 3 (11th Cir. 2006) (holding that a doctor was a claimant's treating physician because he had "an ongoing relationship" with the claimant as he treated the claimant on numerous occasions throughout the relevant time period, made notes regarding her

condition, and referred her to (and received updates from) various other medical professionals).

Assuming arguendo that Dr. Wilson was one of Ms. Smith's treating physicians, his opinion "must be given substantial or considerable weight unless 'good cause' is shown to the contrary." *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004). Good cause exists when "(1) [the] treating physician's opinion was not bolstered by the evidence; (2) [the] evidence supported a contrary finding; or (3) [the] treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Id*.; *see also Crawford*, 363 F.3d at 1159. "The ALJ must clearly articulate the reasons for giving less weight to a treating physician's opinion, and the failure to do so constitutes error. 'Moreover, the ALJ must state with particularity the weight given to different medical opinions and the reasons therefor.'" *Gaskin*, 2013 WL 4081321 at *2 (citing *Lewis,* 125 F.3d at 1440, and quoting *Winschel v. Comm'r of Soc. Sec.,* 631 F.3d 1176, 1179 (11th Cir. 2011)).

In this case, the ALJ stated with particularity the reasons for affording little weight to Dr. Wilson's opinion. The ALJ expressly found that the physical capacities evaluation and clinical assessment of pain forms that Dr. Wilson completed were "inconsistent with the preponderance of the medical evidence of record, including the report of Dr. Bruce W. Romeo's examination. . . ." [R. 341].

The ALJ also found that Dr. Wilson's physical capacities evaluation and clinical assessment of pain forms were "internally inconsistent with each other." For example, the ALJ stated that Dr. Wilson circled blocks indicating that Ms. Smith's pain is intractable and virtually incapacitating; however, Dr. Wilson also opined that Ms. Smith was able to do sedentary work in which she could alternate between sitting and standing at her option for five hours per day. [R. 341].

According to the ALJ, Dr. Wilson's recommended RFC of five hours of work per day is "totally inconsistent" with his opinion that Ms. Smith's pain is intractable and virtually incapacitating. [R. 341]. Moreover, the ALJ rejected Dr. Wilson's opinion that Ms. Smith should qualify for disability because this conclusion was not "corroborated by independent, objective evidence." [R. 343]. Specifically, the ALJ noted that Dr. Wilson diagnosed Ms. Smith with low back pain secondary to scoliosis, but there is no evidence of scoliosis throughout Ms. Wilson's treatment notes. [R. 341]. Moreover, disability decisions are administrative findings that are reserved for the Commissioner.[6]

---

[6] *See* 20 C.F.R. § 1527(d)(1) ("A statement by a medical source that you are 'disabled' or 'unable to work' does not mean that we will determine that you are disabled."); Social Security Ruling 96-5p (statements that an individual is disabled are "administrative findings that may determine whether an individual is disabled, they are reserved to the Commissioner. Such opinions on these issues must not be disregarded. However, even when offered by a treating source, they can never be entitled to controlling weight or given special significance."); *Bell v. Bowen*, 796 F.2d 1350, 1353-54 (11th Cir. 1986) ("The regulation in 20 C.F.R. § 404.1527 provides that although a claimant's physician may state he is 'disabled' or 'unable to work' the agency will nevertheless determine disability based upon the medical findings and other evidence.").

Thus, substantial evidence supports the ALJ's decision to give little weight to Dr. Wilson's opinion. *See Crawford*, 363 F.3d at 1159-61 (finding that substantial evidence supported the ALJ's decision to discredit the opinions of the claimant's treating physicians where those opinions regarding the claimant's disability where inconsistent with the physicians' treatment notes and unsupported by the medical evidence); *Phillips v. Barnhart*, 357 F.3d 1232, 1241 (11th Cir. 2004) (ALJ's decision that treating physician's opinion should be given little weight was supported by substantial evidence because he identified several specific contradictions between his opinion and other evidence of record including claimant's own statements and medical records from examining or consultative physicians).

Ms. Smith's arguments that the ALJ erred in failing to discuss the opinion of Dr. Jack Zaremba and in failing to re-contact Dr. Wilson are not well-taken. First, regarding the ALJ's failure to address Dr. Zaremba's opinion, the Court notes that Dr. Zaremba evaluated Ms. Smith on February 2, 2010. [R. 312-321]. Thus, his assessment was based on his opinion of Ms. Smith's condition as of February 2, 2010. As the ALJ stated in his decision, ALJ Rote issued a decision on February 24, 2010 finding that Ms. Smith was not disabled as of September 16, 2008. [R. 326; 411-422]. Ms. Smith did not appeal Judge Rote's decision, and Ms. Smith has failed to establish how Dr. Zaremba's opinion relates to her condition prior to

September 16, 2008. Even if he were required to discuss Dr. Zarembra's opinion (which he was not), the ALJ's failure to do so is harmless because, as explained above, substantial evidence supports the ALJ's decision to reject Dr. Wilson's opinion. *See Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983) (applying harmless error analysis in a Social Security appeal).

Second, neither the regulations nor the Social Security ruling cited by Ms. Smith stand for the proposition that the ALJ had a duty to re-contact Dr. Wilson. Although the regulations include a duty to re-contact a claimant's treating physician, that duty arises only when a final determination cannot be made from the record as a whole. *Johnson v. Barnhart*, 138 Fed. Appx. 266, 270 (11th Cir. 2005). As the Eleventh Circuit has stated:

> In making disability determinations, the Commissioner considers whether the evidence is consistent and sufficient to make a determination. If it is not consistent, the Commissioner weighs the evidence to reach her decision. If, after weighing the evidence, the Commissioner cannot reach a determination, then she will seek additional information or recontact the physicians. 20 C.F.R. § 404.1527(c). In addition, under the Social Security Regulations,
>
>> [w]hen the evidence ... from your treating physician ... or other medical source is inadequate for us to determine whether you are disabled, we ... will first recontact your treating physician ... or other medical source to determine whether the additional information ... is readily available. We will seek additional evidence or clarification from your medical source when the report from your

15

>medical source contains a conflict or ambiguity that must be resolved, the report does not contain all the necessary information, or does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques. 20 C.F.R. § 404–1512(e).

*Johnson*, 138 F. Appx. at 270-71; s*ee also Osborn v. Barnhart*, 194 Fed. Appx. 654 (11th Cir. 2006) (holding that the ALJ was not required to recontact the treating physician because additional information or clarification was not needed as substantial evidence supported the ALJ's determination that the claimant was not disabled). Because substantial evidence supports the ALJ's decision, he did not have to re-contact Dr. Wilson.

## IV. CONCLUSION

For the reasons outlined above, the Court concludes that the ALJ's decision is based upon substantial evidence, and the ALJ applied proper legal standards. The Court will not reweigh the evidence or substitute its judgment for that of the Commissioner. Accordingly, the decision of the Commissioner is due to be affirmed. The Court will enter a separate order consistent with this memorandum of opinion.

**DONE** and **ORDERED** this 19th day of December, 2013.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE